IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | CASE NO. |
| ) | 1:12-CR-00489-KOB-JEO |
| SEAN ERIC SLATON,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

This matter comes before the court upon defendant Sean Eric Slaton's "Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial." (Doc. 55). Mr. Slaton filed his motion on August 7, 2013 after being convicted of eight counts of making false statements to obtain federal employee compensation benefits under 18 U.S.C. § 1920; twenty-four counts of wire fraud under 18 U.S.C. § 1343; and one count of theft of government property under 18 U.S.C. § 641. Mr. Slaton claims that the alleged misrepresentations to the United States Postal Office in counts 2–4 cannot serve as a basis for liability under § 1920, which criminalizes making false statements "in connection with the application for or receipt of compensation or other benefit." 18 U.S.C. § 1920. In addition, he argues that his alleged misrepresentations in counts 1–32 were not material. Finally, Mr. Slaton argues that the government's theory of aiding and abetting in counts 1, 9–32, and 33 was inappropriate.

1

On August 22, 2013, the government filed its "Opposition to the Defendant's Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial." (Doc. 58). Mr. Slaton then filed his "Reply to the Government's Opposition to the Motion for Judgment of Acquittal or, in the Alternative, Motion for New Trial" on August 29, 2013. (Doc. 60).

For the following reasons, the court will DENY Mr. Slaton's motion on all grounds.

## II. BACKGROUND

In August of 2001, Mr. Slaton injured his back in a car accident while acting as a mail carrier for the United States Postal Service. As a result of this accident, Mr. Slaton was unable to perform his duties as a letter carrier. Mr. Slaton filed a claim with the Department of Labor Office of Worker's Compensation Programs in October of 2002 and began receiving benefits shortly thereafter. In 2012, the United States Postal Service Office of Inspector General began investigating Mr. Slaton under suspicion of fraud.[1] The investigation led to the charges at issue in this case.

Counts 1–8 allege that Mr. Slaton violated 18 U.S.C. § 1920,[2] which makes it a crime to misrepresent material facts "in connection with the application for or receipt of compensation benefits." More specifically, Count 1 alleges that Mr. Slaton generally concealed his physical

---

[1] The evidence at trial showed that the Postal Service repeatedly challenged Mr. Slaton's entitlement to benefits and that the Department of Labor consistently found him eligible. The Department of Labor even found Mr. Slaton entitled to disability benefits *after* the Postal Service reported the results of this investigation to it.

[2] "Whoever knowingly and willfully falsifies, conceals, or covers up a material fact, or makes a false, fictitious, or fraudulent statement or representation, or makes or uses a false statement or report knowing the same to contain any false, fictitious, or fraudulent statement or entry *in connection with the application for or receipt of compensation* or other benefit or payment under subchapter I or III of chapter 81 of title 5, shall be guilty of perjury . . . ." 18 U.S.C.A. § 1920 (West 2000) (emphasis added).

abilities, activities, and limitations from July 2011 to the time the government brought charges against him. Counts 2–4 arose out of a meeting on May 22, 2013 between Mr. Slaton and undercover investigators posing as United States Postal Employees. These counts allege that in that meeting, Mr. Slaton made false, fictitious, or fraudulent statements on his Current Capability Evaluation form (Count 2), and in his conversation with the investigators concerning both his physical abilities, activities, limitations, and pain levels (Count 3), and his income, business, and employment activities (Count 4). Counts 5–8 allege that in 2012, 2011, 2010, and 2009 respectively, Mr. Slaton made false, fictitious, and fraudulent representations to the Department of Labor and United States Postal Service in his annual 1032 Form concerning his income, business, and employment activities.

Counts 9–32 charge Mr. Slaton with wire fraud under 18 U.S.C. § 1343[3] for using wire communications as part of a scheme to defraud the United States from July 2011 to June 2012. The United States brought a separate charge for each time Mr. Slaton received a payment in his bank account to which he was allegedly not entitled during that time period.

Finally, Count 33 charges Mr. Slaton with stealing or converting approximately $47,120.82 of worker's compensation benefits from the Department of Labor and the United States Postal Service in violation of 18 U.S.C. § 641.[4]

---

[3] "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C.A. § 1343 (West Supp. 2013).

[4] "Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing

On July 24, 2013, a jury returned a conviction against Mr. Slaton on all thirty-three counts. Mr. Slaton now makes a timely motion for a judgment of acquittal or in the alternative for a new trial. (Doc. 55).

**III. STANDARDS OF REVIEW**

Rules 29 and 33 of the Federal Rules of Criminal Procedure outline the standards required to merit either a judgment of acquittal or a new trial respectively. Because overruling a jury verdict or granting a new trial are extraordinary remedies, the rules set a very high threshold for defendants to meet before allowing courts to grant relief.

    A. Judgment of Acquittal

Rule 29 of the Federal Rules of Criminal Procedure states that upon a defendant's timely motion, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In determining whether the evidence is insufficient to sustain a conviction, a court "'must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" *United States v. Miranda*, 425 F.3d 953, 959 (11th Cir. 2005) (quoting *United States v. Sellers*, 871 F.2d 1019, 1021 (11th Cir. 1989)). In other words, a "[c]ourt cannot reverse a conviction for insufficiency of the evidence unless after reviewing the evidence in the light most favorable to the government, [it] conclude[s] that *no reasonable jury* could find proof beyond a reasonable doubt." *United States v. Jones*, 913 F.2d 1552, 1557 (11th Cir. 1990) (emphasis added).

---

of value of the United States or of any department or agency thereof . . . [s]hall be fined under this title or imprisoned not more than ten years, or both . . . ." 18 U.S.C.A. § 641 (West 2000).

Thus, even if a court finds the jury did not draw the most reasonable inference, the conviction will stand because "[t]he jury is free to choose between or among the conclusions to be drawn from the evidence presented at trial, and the district court must accept all reasonable inferences and credibility determinations made by the jury." *Miranda*, 425 F.3d at 959 (quoting *Sellers*, 871 F.2d at 1021).

    B. <u>New Trial</u>

The Federal Rules of Criminal Procedure also outline the standard for granting a motion for a new trial. Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). While the "interests of justice" standard does allow defendants to move for a new trial when the verdict is contrary to the weight of the evidence, the rule does not allow a court to "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *United States v. Martinez*, 763 F.2d 1297, 1312–13 (11th Cir. 1985).  A judge may "not simply substitute his judgment for that of the jury." *United States v. Cox*, 995 F.2d 1041, 1044 (11th Cir. 1993) (quoting *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 362–63 (5th Cir. 1980)). Instead, a trial court should grant a motion for a new trial based on the weight of the evidence only when "[t]he evidence . . . preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to the let the verdict stand." *Martinez*, 763 F.2d at 1313. Ultimately, the Eleventh Circuit Court of Appeals has indicated that "[m]otions for new trials based on weight of the evidence are not favored," and thus, trial courts should "grant them sparingly, and with caution, doing so only in those really 'exceptional cases.'" *Id.* (citing *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

**IV. DISCUSSION**

In his motion, Mr. Slaton raises three main arguments: (1) the court should acquit him of the charges in Counts 2–4 because statements made to the United States Postal Service are not statements made "in connection with the application for or receipt of benefits" as required by 18 U.S.C. § 1920; (2) the court should acquit him of Counts 1–32 because the Government failed to prove that he concealed or misrepresented *material* facts; and finally, (3) the court should acquit him of Counts 1, 9–32, and 33 because the Government's theory of aiding and abetting under 18 U.S.C. § 2(b)[5] should not apply to statements he made to his doctor, an expert hired specifically to make an independent judgment and not merely relay information to the Department of Labor.[6]

Whatever question may have existed previously as to the merit of these claims was recently answered in *United States v. Myers*, No. 12-14616, 2013 WL 6821122 (11th Cir. Dec. 27, 2013). In *Myers*, the Eleventh Circuit Court of Appeals affirmed the denial of a motion for judgment of acquittal under facts that are very similar to those here. The defendant in *Myers* was a letter carrier for the United States Postal Service who was convicted of three counts of worker's compensation fraud under 18 U.S.C. § 1920 for continuously reporting high levels of back pain to her doctor while failing to disclose that she was also running in competitions and competing in triathlons. Upon reviewing the elements of § 1920, the Eleventh Circuit Court of Appeals "conclude[d] that a reasonable jury could have found Myers guilty . . . on the basis that she made

---

[5] "Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." 18 U.S.C.A. § 2(b) (West 2000).

[6] Mr. Slaton's motion does not separately discuss his motion for a new trial. This court, therefore, analyzes the same arguments he made in support of his motion for acquittal in addressing his motion for a new trial.

false representations to her doctors, causing them to submit false CA-17 forms recommending that she remain on light duty even though she was capable of returning to regular duty." *Myers*, 2013 WL 6821122, at *1. Because Myers' reports were inconsistent with her activities, the Court reasoned, "the jury was entitled reasonably to infer that Myers's statements to her doctors falsely exaggerated her pain and other symptoms, causing them to submit what Myers knew to be false CA-17 forms." *Id.* at *2.

Although the Eleventh Circuit opinion is unpublished, it is very persuasive given the dearth of case law on the issues Mr. Slaton raises and the striking similarity between the facts in *Myers* and the case at bar. While this court is sympathetic to the arguments Mr. Slaton raises, this court cannot conclude, especially after *Myers,* that no reasonable jury could find that Mr. Slaton's statements were made "in connection with the application for or receipt of compensation or other benefit or payment," as required under 18 U.S.C. § 1920. *Myers* suggests that conviction under § 1920 is proper, even if the misrepresentations are not made directly to the Department of Labor. Therefore, this court cannot disturb Mr. Slaton's convictions on Counts 2–4 under either Rule 29 or Rule 33 on the ground that his statements to the United States Postal Service were not "in connection with" his application for or receipt of benefits.

Similarly, Mr. Slaton's argument that his omissions were not material are ineffective. At trial, this court instructed the jury that a material fact is "an important fact, not some unimportant or trivial detail, that *could* influence a decision." (Doc. 50 at 11) (emphasis added). Mr. Slaton does not challenge this definition of materiality. Rather, he argues that his statements and omissions could not be considered material because they did not in fact influence the Department of Labor's decision. Although the evidence clearly showed that the Department of Labor knew of

7

Mr. Slaton's concealed information and decided to continue his benefits anyway, the jury may still consider such information material under § 1920. Decision outcomes are not known to an individual at the time he decides to conceal a fact from a decision maker, and thus, the focus of the inquiry is on whether such information is important enough to have the ability to influence the decision, not whether it ultimately did. The facts in this case satisfy the materiality test.

Like the defendant in *Myers*, Mr. Slaton reported high levels of pain while simultaneously concealing his exercise routines. Pain level and physical capability are not "unimportant or trivial detail[s]." They are exactly the kinds of information that *could* influence a decision maker tasked with determining disability benefits. Therefore, this court cannot grant the defendant relief under either Rule 29 or Rule 33 based on his argument that his alleged false statements and omissions were not material.

Finally, this court cannot grant relief in Counts 1, 9–32, or 33 on the grounds that the aiding and abetting theory does not apply to a recipient's providing false information to his doctor. *Myers* outright endorses convictions based on the aiding and abetting theory adopted in that case. Indeed, the Court in *Myers* specifically upheld Myers' conviction under § 1920 "on the basis that she made false representations to her doctors, *causing* them to submit false CA-17 forms." *Myers*, 2013 WL 6821122, at *1 (emphasis added). Therefore, this court cannot find that the government's use of the same theory in the case against Mr. Slaton merits a judgment of acquittal under Rule 29 or a new trial under Rule 33.

## V. CONCLUSION

For the foregoing reasons, this court will DENY both Mr. Slaton's motion for judgment of acquittal under Rule 29 and his motion for a new trial under Rule 33.

DONE and ORDERED this the 11th day of February 2014.

*[signature: Karon O. Bowdre]*
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE